## Commonwealth v. Sharkey

*Yvette L. Wilson,* for Commonwealth.
*Thomas J. Sharkey,* for defendant.

RUEST, *J.,* April 21, 2008—Before the court is defendant's motion to suppress. Defendant was charged

with violating 18 Pa.C.S. §6308(a), purchase, consumption, possession, or transportation of liquor, malt or brewed beverages. A hearing was held on the motion on April 14, 2008. Upon consideration of the arguments at the hearing and briefs submitted by both parties, the court denies defendant's motion.

## FINDINGS OF FACT

(1) On October 27, 2007, defendant Erik Sharkey was arrested on a non-traffic citation/summons issued by Liquor Enforcement Officer Michael Nicholson on a charge of violating 18 Pa.C.S. §6308(a), purchase, consumption, possession, or transportation of liquor, malt or brewed beverages.

(2) Liquor Enforcement Officer Michael Nicholson was taking part in an undercover operation during a Penn State football game at Beaver Stadium, in University Park, Centre County, Pennsylvania.

(3) Officer Nicholson was working in parking lot number 13 at Beaver Stadium.

(4) The defendant was walking with a group of friends and a family member when the group was approached by an officer working the underage drinking enforcement detail.

(5) The officer, who was not the arresting officer in this case, spoke with the defendant's sister. Upon incorrectly stating her brother's birth date, placing his age at 19, the officer determined that defendant may be less than 21 years of age and instructed him to see one of the other officers taking part in the detail several yards away.

(6) The defendant walked toward this other group of officers and was spotted by Officer Nicholson.

(7) Based on his experience as a liquor enforcement officer and as a police officer, and on his observation that the defendant had a youthful appearance, Officer Nicholson approached the defendant and asked for identification.

(8) The defendant admitted to Officer Nicholson that he was under 21 years of age.

(9) Officer Nicholson testified that no other officer assisted him with this defendant and that he initially saw the defendant, evaluated his appearance as youthful, and saw the beer in his hand.

(10) Officer Nicholson observed that the defendant was holding an open, partially full 12-ounce bottle of Michelob Ultra Light beer.

(11) Upon his determination that the defendant was under 21 years of age, Officer Nicholson seized the bottle of beer, poured the contents out, and issued defendant a citation.

(12) The court took judicial notice that Michelob Ultra Light is listed on the PA Bulletin at 26 Pa Bulletin Number 15, 1996.

## CONCLUSIONS OF LAW

(1) Contacts between a police officer and the general public fall within three categories: mere encounter, investigative detention, and custodial detention and arrest. *Commonwealth v. Wood*, 833 A.2d 740 (Pa. Super. 2003).

(2) A "mere encounter" requires no level of suspicion. *Commonwealth v. Polo,* 563 Pa. 218, 759 A.2d 372 (2000).

(3) An "investigative detention" requires reasonable suspicion. Reasonable suspicion requires that an officer be able to point to "specific articulable facts and reasonable inferences drawn from those facts in light of the officer's experience." *Wood,* supra at 745, citing *Commonwealth v. Jackson,* 548 Pa. 484, 489, 698 A.2d 571, 573 (1997).

(4) In order to determine if a mere encounter has risen to the level of an investigative detention, the court must determine whether a seizure of the person occurred. *Commonwealth v. Mendenhall,* 552 Pa. 484, 715 A.2d 1117 (1998).

(5) "A police officer may, short of an arrest, conduct an investigative detention if he has reasonable suspicion, based upon specific and articulable facts, that criminality is afoot." *Commonwealth v. Blair,* 860 A.2d 567 (Pa. Super. 2004).

(6) An investigative detention occurs when a police officer temporarily detains an individual by means of physical force or a show of authority for investigative purposes. *Commonwealth v. Hayes,* 898 A.2d 1089 (Pa. Super. 2006).

(7) In spite of his mere encounter with another officer just prior to encountering Officer Nicholson, the defendant was not subject to an investigative detention at the time Officer Nicholson first saw him and determined, based on Officer Nicholson's experience and the defen-

dant's youthful appearance, that he was under the age of 21.

(8) The defendant was subject to an investigative detention while Officer Nicholson was speaking with him and was not placed under arrest until he was cited for violating 18 Pa.C.S. §6308(a).

## DISCUSSION

In his motion to suppress evidence, the defendant argues all evidence obtained in the October 27, 2007 incident should be suppressed due to the illegality of the search conducted by Officer Nicholson. Specifically, the defendant alleges the stop was not valid.

The defendant argues it was not his youthful appearance, but was instead the youthful appearance of his sister, that led to the stop. As the defendant also points out, however, no attention was paid to the defendant until his sister misstated his birth date. At that point, without saying anything more to the defendant or asking any questions of him, the officer directed the defendant to see another officer at a group nearby. No one in this group, which included the arresting officer, Officer Nicholson, knew the defendant was being sent to speak with them.

The first officer's encounter with the defendant was a mere encounter. A "mere encounter" requires no level of suspicion. *Commonwealth v. Polo,* 563 Pa. 218, 759 A.2d 372 (2000). Although he was instructed to go to another group of officers, the officer made no effort to ensure the defendant did as he said. He made no effort to hand him over to Officer Nicholson. No words or other communi-

cation was exchanged between the officer and Officer Nicholson. Officer Nicholson's contact with the defendant was therefore also a mere encounter, effectively restarting the incident with a different officer. Because the initial contact was a mere encounter, no *Miranda* warnings were required. When Officer Nicholson spotted the defendant and made his independent evaluation of his probable age based on his own experience as an officer and on the defendant's youthful appearance, Officer Nicholson had reasonable suspicion that criminal activity was taking place and therefore the contact elevated to the level of an investigatory detention. An "investigative detention" requires reasonable suspicion. Reasonable suspicion requires that an officer be able to point to "specific articulable facts and reasonable inferences drawn from those facts in light of the officer's experience." *Wood,* supra at 745, citing *Commonwealth v. Jackson,* 548 Pa. 484, 489, 698 A.2d 571, 573 (1997).

An investigative detention occurs when a police officer temporarily detains an individual by means of physical force or a show of authority for investigative purposes. *Commonwealth v. Hayes,* 898 A.2d 1089 (Pa. Super. 2006). In order to determine if a mere encounter has risen to the level of an investigative detention, the court must determine whether a seizure of the person occurred. *Commonwealth v. Mendenhall,* 552 Pa. 484, 715 A.2d 1117 (1998). "[A] police officer may, short of an arrest, conduct an investigative detention if he has a reasonable suspicion, based upon specific and articulable facts, that criminality is afoot." *Commonwealth v. Blair,* 860 A.2d 567, 573 (Pa. Super. 2004). The defendant was not in custody or under arrest as the contact between

himself and Officer Nicholson was based on reasonable suspicion of criminal activity and was supportable by the articulable facts of the defendant's youthful appearance and possession of a beer bottle. What was taking place was an investigative detention, which was fully supported by the facts and circumstances of the incident. Furthermore, although it is not dispositive of whether the defendant was in custody, Officer Nicholson did not yet have probable cause to arrest the defendant.

The court determines the defendant was only temporarily detained. Officer Nicholson observed him to be of youthful appearance and holding a beer bottle. Based on these observations, Officer Nicholson had reasonable and articulable suspicion to approach the defendant and ask for identification. The detention was brief and investigatory in nature. The defendant was at no time taken into custody and was merely issued a citation. *Miranda* warnings were not required as the defendant was never subjected to a custodial interrogation.

Accordingly, the following is entered:

## ORDER

And now, April 21, 2008, defendant's motion to suppress is denied.